UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE COLÓN-DE-JESÚS,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 15-1441 (JAF)

(Criminal No. 10-251-1)

**OPINION AND ORDER**

Petitioner José Colón-de-Jesús ("Colón-de-Jesús") comes before the court with a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 10-251-1 (ECF No.1) and a motion to disqualify ourselves (ECF No. 2). For the following reasons, we deny both his § 2255 petition and his motion for disqualification.

**I.**

**Background**

Colón-de-Jesús pleaded guilty to conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, 841(a)(1) and 860, and pleaded guilty to use or possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) and (2). For this, we sentenced him to three hundred twenty-four months as to Count 1 and sixty months as to Count 2, to be served consecutively with each other. We also sentenced him to ten years of supervised release. (Crim. No. 10-251-1, ECF No. 2829.)

Colón-de-Jesús appealed. He argued that we erred by failing to recuse our self from the proceedings on the basis of certain public statements and comments we made. Colón-de-Jesús also argued that the sentence was substantively unreasonable for numerous reasons. The First Circuit rejected these claims and affirmed our judgment on all fronts. *United States v. Colón-de-Jesús*, Appeal No. 12-1936. Colón-de-Jesús requested a rehearing, but his request was denied, and he did not file for a writ of certiorari. (*See* ECF No. 4 at 4; Crim. No. 10-251-1, ECF No. 3169.)

## II.

## Jurisdiction

Colón-de-Jesús is currently in federal custody, having been sentenced by this district court. To file a timely motion, Colón-de-Jesús had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His request for a rehearing of his appeal was denied on August 7, 2014, and on August 15, 2014, the First Circuit issued a formal mandate. (ECF No. 4 at 4; Crim. No. 10-251-1, ECF No. 3169.) Colón-de-Jesús did not file for a writ of certiorari. His habeas petition, delivered to the prison authorities on February 27, 2015, is therefore timely.

## III.

## Analysis

Colón-de-Jesús argues that the Government breached their plea agreement, and that his appellate counsel was ineffective for not raising this breach on appeal. He also argues that we must disqualify our self from deciding this § 2255 petition. For the following reasons, we deny these claims.

**A.      Breach of Plea Agreement**

Colón-de-Jesús argues that "the addition of 150 kilograms of cocaine, when the agreement between the parties was stipulated that Colon is accountable for conspiring to possess with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine is a material breach by the government." (ECF No. 1 at 7.)  The plea agreement promises that the Government would not argue for more than the stipulated amount, but states that "the sentence will be left entirely to the sound discretion of the Court" and that "the Court is not bound by this plea agreement."  (Crim. No. 10-251-1, ECF No. 689.)  The Government indeed argued in accordance with their plea agreement.  The Government stated: "Your Honor, in this case the United States stands by its Plea Agreement." (Crim. No. 10-251-1, ECF No. 62911 at 114-15.)   Nowhere does the record show that the Government argued for more than that amount.  The Court – which was not bound by the plea agreement -- independently came to the finding that "this record, and this Presentence Report, no matter how you look at it, no matter how you analyze it, allows anybody to calculate at least 150 kilos of cocaine," and we based the sentence off our own finding *sua sponte*. (Crim. No. 10-251-1, ECF No. 62911 at 123.)  There was no breach.

We note that Colón-de-Jesús previously challenged the higher drug quantity on appeal, and has now simply repackaged the argument.  The First Circuit upheld our rejection of the plea agreement's stipulated drug quantity.  *U.S. v. Colón-de-Jesús*, Appeal No. 12-1936.

**B.      Ineffective Assistance of Counsel**

Colón-de-Jesús claims that he had ineffective assistance of appellate counsel because his appellate counsel failed to argue on direct appeal that Colón-de-Jesús' trial

counsel had been ineffective for failing to raise a claim that the plea agreement was breached. (ECF No. 1 at 12.) To prove ineffective assistance of counsel, Colón-de-Jesús must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 688-94 (1984). Because we have already found that there was no breach of the plea agreement, the result of the proceeding could not have been different. Therefore, we deny this claim.

**C.** **Motion to Disqualify**

Colón-de-Jesús filed a motion asking that we disqualify our self from presiding over his § 2255 petition. (ECF No. 2.) He cites to newspaper articles which quote public statements we made, and asserts that these show we have an "intolerable risk of bias." (ECF No. 2.)

Colón-de-Jesús already argued on appeal that we erred by failing to originally recuse our self on the basis of public statements and comments. The First Circuit wrote that,

> The judge's public comments, taken in context, cannot be reasonably viewed as "committing or appearing to commit" the judge to a "particular result" with respect to appellant's plea or sentencing. And the comments made during sentencing proceedings of appellant's co-defendants do not "display a deep-seated favoritism or antagonism" of the type "that would make fair judgment impossible."

*U.S. v. Colón-de-Jesús*, Appeal No. 12-1936. The instant motion is merely a repackaging of Colón-de-Jesús' previous argument, which the First Circuit has already ruled upon. When an issue has been disposed of on direct appeal, it will not be reviewed again

through a § 2255 motion. *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal citations omitted).

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under § 2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Colón-de-Jesús has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment

Civil No. 15-1441 (JAF) -6-

of his constitutional claims debatable or wrong.  Colón-de-Jesús may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Colón-de-Jesús' § 2255 motion (ECF No. 1) and his motion to disqualify (ECF No. 2).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Colón-de-Jesús is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of July, 2015.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE